Robert A. Naeve (State Bar No. 106095)
Email: rnaeve@jonesday.com
Steven M. Zadravecz (State Bar No. 185676)
Email: szadravecz@jonesday.com
Roman E. Darmer (State Bar No. 212578)
Email: rdarmer@jonesday.com
Eric P. Enson (State Bar No. 204447)
Email: epenson@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant MERZ AESTHETICS, INC.
and Defendant and Cross-Complainant MERZ
PHARMACEUTICALS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGAN, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> MERZ PHARMACEUTICALS, LLC, a North Carolina corporation; MERZ GmbH & CO, KGaA, a German corporation; MERZ AESTHETICS, INC., a Delaware corporation; ERIN SULLIVAN, an individual; SHERI TREMMEL, an individual; AMBER PRUMER, an individual; JACQUELINE LUBY, an individual; AMY R. FINN, an individual; JEFFREY RIORDAN, an individual; TIMOTHY D. BYRNS, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.  SACV11-00466 AG (Ex) <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U. S. C. § 1441** <br><br> **[FEDERAL QUESTION]** |
| MERZ PHARMACEUTICALS, LLC, a North Carolina corporation, <br><br> Cross-Complainant, <br><br> v. <br><br> ALLERGAN, INC., a Delaware corporation, <br><br> Cross-Defendant. | |

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441

1  TO PLAINTIFF ALLERGAN, INC., ITS ATTORNEY OF RECORD, AND
2  THE CLERK OF THE ABOVE-ENTITLED COURT:
3       PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441, defendant Merz Aesthetics, Inc. (formerly known as "BioForm Medical, Inc.") and defendant and cross-complainant Merz Pharmaceuticals, LLC, with the consent of all defendants to this action,[1] hereby remove the above-referenced action of plaintiff Allergan, Inc. ("Allergan") from the Superior Court of the State of California, County of Orange to the United States District Court for the Central District of California, and in support of this removal states as follows:

## OPERATIVE PROCEDURAL HISTORY

    1.    On or about August 3, 2010, Allergan initiated this action by filing a Complaint For Injunctive Relief in the Superior Court of the State of California, County of Orange entitled *Allergan, Inc. v. Merz Pharmaceuticals, LLC, a North Carolina corporation; Merz GmbH & Co. KGaA, a German corporation; Bioform Medical, Inc., a Delaware corporation; Erin Sullivan, an individual; Sheri Tremmel, an individual Amber Prumer, an individual; Jacqueline Luby, an individual; and DOES 1 through 50, inclusive*, Case No. 30-2010-00395910-CU-BT-CXC (the "Superior Court Action"). In its original complaint, Allergan asserted the following claims for relief: (1) misappropriation of trade secrets (statutory), (2) misappropriation of trade secrets (common law); (3) conversion; (4) unfair competition (common law); (5) unfair competition (statutory); and (6) breach of contract.

    2.    On or about September 2, 2010, Merz Pharmaceuticals, LLC and Merz Aesthetics, Inc. (formerly known as "Bioform Medical, Inc.") filed an Answer to Allergan's complaint. Also on or about September 2, 2010, individual defendants

---

[1] The Consent To And Joinder In Removal of defendants Erin Sullivan, Sheri Tremmel, Amber Prumer, Jacqueline Luby, Amy R. Finn, Jeffrey Riordan and Timothy D. Byrns, as well as the Consent To And Joinder In Removal of defendant Merz GmbH & CO, KGaA are attached to the Compendium of Exhibits in Support of the Notice of Removal ("Compendium of Exhibits") as Exhibit A.

Erin Sullivan, Sheri Tremmel, Amber Prumer, and Jacqueline Luby each filed an answer to Allergan's complaint.

3. On or about November 5, 2010, the Orange County Superior Court, granted Allergan leave to file First Amended Complaint. Allergan's First Amended Complaint added three individual defendants to the case (Amy R. Finn, Jeffrey S. Riordan and Timothy D. Byrns) and changed the caption to reflect that BioForm Medical had changed its name to Merz Aesthetics. The First Amended Complaint also added particular allegations related to the newly named individual defendants. The First Amended Complaint continued to assert the same six claims for relief that were set forth in Allergan's original complaint.

4. All of the defendants filed demurrers to Allergan's First Amended Complaint instead of answering. In response to those demurrers, Allergan filed a motion for leave to file a Second Amended Complaint.

5. On or about February 18, 2011, the Orange County Superior Court granted Allergan's motion for leave, and Allergan filed its Second Amended Complaint For Injunctive Relief. In the Second Amended Complaint, Allergan removed its claims for unfair competition (statutory and common law) and common law misappropriation, and added a cause of action for violation of the federal Lanham Act, 15 U.S.C. § 1125.

6. On March 17, 2011, Merz Aesthetics, Inc. and Merz Pharmaceuticals, Inc. filed answers to Allergan's Second Amended Complaint. On the same day Merz Pharmaceuticals also failed a cross-complaint against Allergan, which asserts a cause of action for, among other things, Allergan's violation of the federal Lanham Act, 15 U.S.C. § 1125. The individual defendants filed answers to the Second Amended Complaint on March 17, 2011.

7. Pursuant to 28 U.S.C. § 1446(a) and Federal Rule of Civil Procedure 7, Merz Aesthetics and Merz Pharmaceuticals provide copies of "all process, pleadings, and orders served" at Exhibit B in the accompanying Compendium of

Exhibits. Merz Aesthetics and Merz Pharmaceuticals note that this action has been pending in state court for approximately seven months and that the Orange County Superior Court's files contain discovery and pleading motions, status conference reports, and other papers that do not fall within the definition of "process, pleadings and orders," and that need not be included in the papers supporting a notice of removal. *See County of Hawaii v. Univev, LLC*, 2010 WL 520696, *25 (D. Hawaii 2010) (holding that "pleadings" as defined in Federal Rule of Civil Procedure 7(a), and other "orders and process" does not include such things as motions or discovery requests); *Trant v. State ex rel. Bd. of Medicolegal Investigations*, 2010 U.S. Dist. LEXIS 90146, 3-6 (W.D. Okla. Aug. 30, 2010) (holding that a pleading includes a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a cross claim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer; and that "the removing party is not required to file the entire state court record with its petition for removal"). Pursuant to 28 U.S.C. § 1447(b), Merz Aesthetics and Merz Pharmaceuticals hereby request that this Court issue a writ of certiorari directing the Orange County Superior Court to lodge with this Court a complete copy of the official state-court file.

8. In addition, attached as Exhibit C to the Compendium of Exhibits are the answers filed by all of the defendants to Allergan's Second Amended Complaint, as well as the cross-complaint filed by Merz Pharmaceuticals.

## TIMELINESS OF REMOVAL

9. On February 18, 2011, the Orange County Superior Court granted Allergan's Motion For Leave to File A Second Amended Complaint, and on the same day, deemed the Second Amended Complaint filed and served as to those defendants who had already made a general appearance in the action (*i.e.*, not deemed served as to Merz GmbH & CO, KGaA). It is the Second Amended

1  Complaint that sets forth the claim for relief – violation of the federal Lanham Act,
2  15 U.S.C. § 1125 – upon which this notice of removal is based.
3       10.   This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it
4  is filed within thirty (30) days of the Orange County Superior Court granting
5  Allergan leave to file the Second Amended Complaint, and the date Allergan was
6  permitted to officially filed its Second Amended Complaint. *See Lucente S.P.A. v.
7  Apic Jewelry, Inc.*, 2007 WL 7209938, at *4-*5 (C.D. Cal. Oct. 3, 2007) (finding
8  that the thirty-day removal period began on the date the state court granted a party
9  leave to file an amended complaint giving rise to the basis for removal).

## BASIS FOR REMOVAL

11     11.   This is a civil action over which this Court has original jurisdiction
12  under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to
13  28 U.S.C. § 1441(b) because it arises under the laws of the United States. In
14  particular, as will be explain below, this action arises under the Lanham Act, 15
15  U.S.C. § 1125, which is the federal law governing false or misleading advertising.
16     12.   Allergan's new Second Amended Complaint asserts five causes of
17  action: (1) misappropriation of trade secrets (statutory); (2) conversion; (3) breach
18  of contract; (4) interference with prospective economic advantage; and (5) violation
19  of the federal Lanham Act. In the Second Amended Complaint, Allergan alleges,
20  among other things, that the defendants misappropriated its trade secrets and other
21  confidential information in an attempt to interfere with Allergan's customers and
22  employees and to compete unfairly in the marketplace. (SAC ¶¶ 1-9). Allergan also
23  alleges that, as a further part of the attempt to unfairly compete in the market, the
24  corporate defendants have promoted one product, Xeomin® in a misleading way.
25  (SAC ¶¶ 51-85). In this regard, Allergan's fifth cause of action for violation of the
26  federal Lanham Act, 15 U.S.C. § 1125 alleges that Defendants "ha[ve] made and
27  continue[] to make, false and misleading statements of fact and comparative claims

regarding both its own product, Xeomin, and Allergan's product, Botox" in violation of the federal Lanham Act. (Second Amended Complaint ¶ 88.)

13. It is evident from the face of the Second Amended Complaint that Allergan asserts a claim for alleged violation of the federal Lanham Act, 15 U.S.C. § 1125 and intends to prosecute a claim based on federal law.

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(d) because Allergan's Second Amended Complaint is founded upon a claim "arising under the laws of the United States," namely the federal Lanham Act, 15 U.S.C. § 1125.

15. As stated above, all defendants to this action consent to and join in the removal of this action to this Court.

16. Allergan incorporates the allegations that Merz violated federal law into its first, second, third and fourth causes of action and further, Allergan alleges that Merz orchestrated a scheme to willfully misappropriate proprietary information and to unfairly compete, all in an effort to jumpstart its push into the U.S. neuromodulator market. (Second Amended Complaint ¶¶ 1, 51.) Pursuant to 28 U.S.C. § 1367(a) and § 1441(c), the Court has supplemental jurisdiction over Allergan's trade secrets, conversion and interference claims because they are directly related to Allergan's claims under the federal Lanham Act so as to form part of the same case or controversy under Article III of the United States Constitution.

## NOTICE PROVIDED TO STATE COURT

Pursuant to 28 U.S.C. § 1446(d), Merz has this date notified the Orange County Superior Court of the filing of this Notice of Removal by filing a document

///
///
///
///

1 | entitled "Notice of Removal of Civil Action to Federal Court" a copy of which
2 | (without exhibits) is attached to the Compendium of Exhibits as Exhibit D.

4 | Dated: March 18, 2011.

JONES DAY

By: _____
Robert A. Naeve

Attorneys for Defendant MERZ AESTHETICS, INC. and Defendant and Cross-Complainant MERZ PHARMACEUTICALS, LLC

IRI-17405v1