```
 1  DANIEL PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
 2  BRETT J. WILLIAMSON (S.B. #145235)
    bwilliamson@omm.com
 3  BRIAN NEACH (S.B. #242801)
    bneach@omm.com
 4  MOLLY MAGNUSON (S.B. #229444)
    mmagnuson@omm.com
 5  O'MELVENY & MYERS LLP
    610 Newport Center Drive, 17th Floor
 6  Newport Beach, CA  92660-6429
    Telephone:   (949) 760-9600
 7  Facsimile:   (949) 823-6994
 8  Attorneys for Plaintiff
    Allergan, Inc.
 9
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ALLERGAN, INC., a Delaware Corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>MERZ PHARMACEUTICALS, LLC, a North Carolina corporation, et al.,<br><br>           Defendants.<br><br>MERZ PHARMACEUTICALS, LLC, a North Carolina corporation,<br><br>           Cross-Complainant,<br><br>     v.<br><br>ALLERGAN, INC., a Delaware corporation,<br><br>           Cross-Defendant. | Case No.  SACV11-00446 AG (Ex)<br><br>**ANSWER OF CROSS-DEFENDANT ALLERGAN, INC. TO CROSS-COMPLAINT OF MERZ PHARMACEUTICALS, LLC** |
|---|---|

Plaintiff and Cross-Defendant Allergan, Inc. ("Allergan") answers the Cross-Complaint of Merz Pharmaceuticals, LLC ("Merz") as follows:

1. Answering Paragraph 1, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial. To the extent that allegations in contained in this paragraph so require, Allergan denies each and every allegation contained in this paragraph.

2. Answering Paragraph 2, Allergan admits that on or about August 2, 2010, Merz announced that Xeomin® was approved by the United States Food & Drug Administration ("FDA") for the treatment of adults with cervical dystonia or blepharospasm. Allergan further admits that Botox® and Xeomin® are competing products. Except as so admitted, Allergan denies each and every allegation in this paragraph.

3. Answering Paragraph 3, Allergan denies each and every allegation contained therein.

4. Answering Paragraph 4, Allergan denies each and every allegation contained therein.

5. Answering Paragraph 5, Allergan admits that it received an August 22, 2001, letter from the Office of Compliance and Biologics Quality of the FDA and refers to the document for an accurate statement of its contents. Except as so admitted, Allergan denies each and every allegation in this paragraph.

6. Answering Paragraph 6, Allergan admits that it received a June 23, 2003, letter from the Office of Compliance and Biologics Quality of the FDA and refers to the document for an accurate statement of its contents. Except as so admitted, Allergan denies each and every allegation in this paragraph.

7. Answering Paragraph 7, Allergan admits that, on September 1, 2010, Allergan pleaded guilty to a single misdemeanor "misbranding" charge covering the period 2000 through 2005 and agreed to pay to the United States Government $375 million. Allergan avers further that the "misbranding" charge is known as a strict liability offense, and does not involve false or deceptive conduct. Allergan avers further that on September 1, 2010, it also announced that it would

pay $225 million to resolve civil claims asserted by the Department of Justice under the civil False Claims Act, but denied liability associated with these civil allegations and does not believe there is merit to them factually or legally. Except as so admitted, Allergan denies each and every allegation in this paragraph.

8. Answering Paragraph 8, including its subparts (a) through (c), Allergan denies each and every allegation contained therein.

9. Answering Paragraph 9, Allergan denies each and every allegation contained therein.

10. Answering Paragraph 10, the allegations in this paragraph appear to be legal conclusions regarding relief sought by Merz, not requiring an admission or denial. To the extent that allegations in contained in this paragraph so require, Allergan denies that Merz is entitled to the requested relief, or any relief at all, against Allergan.

11. Answering Paragraph 11, Allergan lacks sufficient knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph, and therefore denies them.

12. Answering Paragraph 12, Allergan admits the allegations contained therein.

13. Answering Paragraph 13, Allergan admits that it maintains an office and does business in Orange County, California. Except as so admitted, Allergan denies each and every allegation contained in Paragraph 13.

14. Answering Paragraph 14, Allergan admits that it conducts business in the State of North Carolina. Except as so admitted, Allergan denies each and every allegation contained in Paragraph 14.

15. Answering Paragraph 15, Allergan lacks sufficient knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph, and therefore denies them.

16. Answering Paragraph 16, Allergan admits that an effect of botulinum toxins is to paralyze muscles by preventing the exchange of nerve signals between the brain and the muscles, and that botulinum toxins can be used to treat some uncontrollable muscle contractions such as those caused by cervical dystonia and blepharospasm. Except as so admitted, Allergan lacks sufficient knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph, and therefore denies them.

17. Answering Paragraph 17, Allergan admits that in nature, *Clostridium botulinum* produces the botulinum toxin in association with ancillary complexing proteins to form a botulinum toxin complex. Except as so admitted, Allergan lacks sufficient knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph, and therefore denies them.

18. Answering Paragraph 18, Allergan admits that on or about August 2, 2010, Merz announced that Xeomin® was approved by the FDA for the treatment of adults with cervical dystonia or blepharospasm. Allergan admits further that cervical dystonia and blepharospasm are conditions that are generally understood to be disabling, painful or an interference in daily activities, or a combination thereof. Except as so admitted, Allergan denies each and every allegation in this paragraph.

19. Answering Paragraph 19, Allergan lacks sufficient information or belief to answer the allegations contained therein and on that basis denies each and every allegation contained therein.

20. Answering Paragraph 20, Allergan lacks sufficient information or belief to answer the allegations contained therein and on that basis denies each and every allegation contained therein.

21. Answering Paragraph 21, Allergan lacks sufficient information or belief to answer the allegations contained therein and on that basis denies each and every allegation contained therein.

22. Answering Paragraph 22, Allergan lacks sufficient information or belief to answer the allegations contained therein and on that basis denies each and every allegation contained therein.

23. Answering Paragraph 23, Allergan admits that it is a pharmaceuticals company that manufactures and distributes Botox®, a botulinum toxin product. Allergan admits that Botox® was first approved by the FDA for therapeutic purposes in 1989, including severe primary axillary hyperhidrosis (abnormal increased perspiration), blepharospasm (eyelid twitch), strabismus (crossed-eyes), and cervical dystonia (involuntary contraction of neck muscles). Allergan avers further that in March 2010 the FDA approved Botox® for the treatment of upper limb spasticity in adults and, in October 2010, the FDA approved Botox® for prevention of headaches in adult patients with chronic migraine. Allergan admits that Botox® was approved by the FDA for aesthetic purposes for the treatment of moderate to severe frown lines between the eyebrows (glabellar lines) in 2002 under the name Botox® Cosmetic. Except as so admitted, Allergan denies each and every allegation contained in Paragraph 23.

24. Answering Paragraph 24, Allergan admits the allegations contained therein.

25. Answering Paragraph 25, Allergan admits that Xeomin® and Botox® are competing products in the therapeutic neuromodulator market. Allergan lacks sufficient information or belief to answer the allegations regarding what Merz believes Allergan's concerns or views are, and therefore denies them. Except as so admitted, Allergan denies each and every allegation contained in Paragraph 25.

1    26.    Answering Paragraph 26, Allergan denies each and every
2    allegation contained therein.

3    27.    Answering Paragraph 27, Allergan denies each and every
4    allegation contained therein.

5    28.    Answering Paragraph 28, Allergan admits that a poster based on
6    a study conducted by Hunt and Clarke, entitled "50-U incobotulinumtoxinA
7    demonstrates lower potency when compared to 50-U onabotulinumA drug product
8    with concurrent lower light chain activity and atypical substrate cleavage," was
9    displayed at the Winter Clinical Dermatology Conference in Hawaii on January 14-
10   19, 2011, and refers to the poster for an accurate statement of its contents. Except
11   as so admitted, Allergan denies each and every allegation in this paragraph.

12   29.    Answering Paragraph 29, the allegations in this paragraph
13   appear to be legal conclusions not requiring an admission or denial. To the extent
14   that allegations in contained in this paragraph so require, Allergan denies each and
15   every allegation contained in this paragraph.

16   30.    Answering Paragraph 30, Allergan admits that the Prescription
17   Medicines Code of Practice Authority in the United Kingdom, part of an industry
18   trade association, recently published information relating to complaints by Merz
19   regarding Allergan's marketing of Botox®, and refers to the publications for an
20   accurate statement of their contents. Except as so admitted, Allergan denies each
21   and every allegation in this paragraph.

22   31.    Answering Paragraph 31, Allergan denies each and every
23   allegation contained therein.

24   32.    Answering Paragraph 32, Allergan admits the allegations
25   contained therein.

26   33.    Answering Paragraph 33, Allergan denies each and every
27   allegation contained therein.

28

34. Answering Paragraph 34, Allergan admits that it published a Botox® Physician's Guide and a Botox® brochure and refers to those documents for a statement of their contents. Except as so admitted, Allergan denies each and every allegation contained in Paragraph 34.

35. Answering Paragraph 35, Allergan denies each and every allegation contained therein.

36. Answering Paragraph 36, Allergan denies each and every allegation contained therein.

37. Answering Paragraph 37, Allergan denies each and every allegation contained therein.

38. Answering Paragraph 38, Allergan admits that it promotes Botox as more efficacious than Xeomin. Except as so admitted, Allergan denies each and every allegation contained in Paragraph 38.

39. Answering Paragraph 39, Allergan admits that it displayed an electronic poster based on a study conducted by Moers-Carpi, entitled "Comparing duration of action and onset of botulinum toxin type A formulations in the forehead" at the American Academy of Dermatology Annual Meeting held February 4-8, 2011 in New Orleans, Louisiana, and refers to the electronic poster for an accurate statement of its contents. Except as so admitted, Allergan denies each and every allegation in this paragraph.

40. Answering Paragraph 40, Allergan denies each and every allegation contained therein.

41. Answering Paragraph 41, Allergan denies each and every allegation contained therein.

42. Answering Paragraph 42, Allergan denies each and every allegation contained therein.

43. Answering Paragraph 43, Allergan denies each and every allegation contained therein.

44. Answering Paragraph 44, Allergan admits that Botox contains complexing proteins. With respect to the "statements" alleged in paragraph 44, due to the vague nature of the allegations regarding them, Allergan lacks knowledge or information sufficient to form a belief about the truth of such allegations and therefore denies them. Except as so admitted, Allergan denies each and every allegation contained in Paragraph 44.

45. Answering Paragraph 45, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial. To the extent that allegations in contained in this paragraph so require, Allergan denies each and every allegation contained in this paragraph.

46. Answering Paragraph 46, Allergan denies each and every allegation contained therein.

## FIRST CROSS-CLAIM

**(False Advertising in Violation of Section 43(a) of the Lanham Act -15 U.S.C. § 1125(a))**

47. Answering Paragraph 47, Allergan repeats its responses to the foregoing paragraphs.

48. Answering Paragraph 48, Allergan denies each and every allegation contained therein.

49. Answering Paragraph 49, Allergan denies each and every allegation contained therein.

50. Answering Paragraph 50, Allergan denies each and every allegation contained therein.

51. Answering Paragraph 51, Allergan denies each and every allegation contained therein.

52. Answering Paragraph 52, Allergan denies each and every allegation contained therein.

53. Answering Paragraph 53, Allergan denies each and every allegation contained therein.

## SECOND CROSS-CLAIM

### (Unlawful and Unfair Business Practices in Violation of California Business & Professions Code Section 17200)

54. Answering Paragraph 54, Allergan repeats its responses to the foregoing paragraphs.

55. Answering Paragraph 55, Allergan denies each and every allegation contained therein.

56. Answering Paragraph 56, Allergan denies each and every allegation contained therein.

57. Answering Paragraph 57, Allergan denies each and every allegation contained therein.

58. Answering Paragraph 58, Allergan denies each and every allegation contained therein.

## THIRD CROSS-CLAIM

### (Unfair Competition in Violation of North Carolina General Statute Section 75-1.1(b))

59. Answering Paragraph 59, Allergan repeats its responses to the foregoing paragraphs.

60. Answering Paragraph 60, Allergan denies each and every allegation contained therein.

61. Answering Paragraph 61, Allergan denies each and every allegation contained therein.

62. Answering Paragraph 62, Allergan denies each and every allegation contained therein.

## PRAYER FOR RELIEF

63. To the extent that any response to the prayer for relief and judgment is required, Allergan denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

As for its separate defenses to the Cross-Complaint, without admitting that it has the burden of proof as to any of these defenses, Allergan pleads as follows:

### First Affirmative Defense
### (Failure to State a Claim on Which Relief Can Be Granted)

64. The Cross-Complaint, and each purported cross-claim asserted therein, fail to state a claim on which relief can be granted.

### Second Affirmative Defense
### (Standing)

65. The second cross-claim asserted in the Cross-Complaint fails because Merz has not lost money or property as a result of any alleged unfair competition and therefore lacks standing to bring a claim under California Business & Professions Code Section 17200.

### Third Affirmative Defense
### (Statute of Limitations)

66. The Cross-Complaint, and each purported cross-claim asserted therein, are barred by the applicable statutes of limitations.

### Fourth Affirmative Defense
### (Laches)

67. The Cross-Complaint, and each purported cross-claim asserted therein, are barred by the doctrine of laches.

### Fourth Affirmative Defense
### (Adequate Remedy at Law)

68. Merz is not entitled to injunctive relief because it has an adequate remedy at law.

### Fifth Affirmative Defense
### (No Irreparable Harm)

69. Merz is not entitled to injunctive relief because it has not, and will not, suffer irreparable harm.

### Sixth Affirmative Defense
### (Unclean Hands)

70. The Cross-Complaint, and each purported cross-claim asserted therein, are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense
### (Causation)

71. The Cross-Complaint, and each purported cross-claim asserted therein, are barred because Merz has not suffered any damage, loss, or harm as a result of the conduct of Allergan. Furthermore, to the extent that Merz has suffered any type of damage, loss, or harm, such injury was caused by persons or entities other than Allergan and Allergan is not responsible for such damage, loss, or harm.

### Eighth Affirmative Defense
### (First Amendment)

72. The Cross-Complaint, and each purported cross-claim asserted therein, are barred by the First Amendment to the United States Constitution.

WHEREFORE, Allergan prays for judgment in its favor as follows:

1. That Merz recovers nothing by way of its Cross-Complaint;

2. That Allergan be awarded its costs of suit incurred in defending against the Cross-Complaint;

3. That Allergan be awarded its attorneys' fees incurred in defending against the Cross-Complaint; and

4. For such other relief as the Court deems just and proper.

Dated:  April_11, 2011          Respectfully submitted,

DANIEL PETROCELLI
BRETT J. WILLIAMSON
BRIAN NEACH
MOLLY MAGNUSON
O'MELVENY & MYERS LLP


By: /s/ Brett J. Williamson
    Brett J. Williamson
Attorneys for Plaintiff
Allergan, Inc.