1  Frederick L. McKnight (State Bar No. 55183)
   Richard J. Grabowski (State Bar No. 125666)
2  Sharyl A. Reisman (admitted *Pro Hac Vice*)
   Email:  rgrabowski@jonesday.com
3  JONES DAY
   3161 Michelson Drive, Suite 800
4  Irvine, CA  92612.4408
   Telephone:  +1.949.851.3939
5  Facsimile:  +1.949.553.7539

6  Attorneys for Defendants

7  MERZ PHARMACEUTICALS, LLC and
   MERZ AESTHETICS, INC.
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGAN, INC., a Delaware Corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>MERZ PHARMACEUTICALS, LLC, a North Carolina corporation, et al.,<br><br>             Defendants. | Case No. SACV11-446 AG (Ex)<br><br>Assigned for all purposes to Honorable Andrew J. Guilford<br><br>**JOINT STIPULATION FOR DISMISSAL WITHOUT PREJUDICE**<br><br>[Filed concurrently with [Proposed] Order] |
| MERZ PHARMACEUTICALS, LLC, a North Carolina limited liability company, MERZ AESTHETICS, INC., a Delaware corporation,<br><br>             Counterclaimants,<br><br>      v.<br><br>ALLERGAN, INC., a Delaware corporation,<br><br>             Counterdefendant. | |

IRI-43353v1

JOINT STIPULATION FOR DISMISSAL
WITHOUT PREJUDICE

## RECITALS

1. On July 22, 2011, Plaintiff and Counterdefendant Allergan, Inc. ("Allergan") filed its Third Amended Complaint ("TAC") asserting claims for: (1) misappropriation of trade secrets (statutory); (2) conversion; (3) breach of contract; (4) interference with prospective economic advantage; and (5) violation of Lanham Act § 43(a). (Dkt. No. 44-1.)

2. On February 2, 2012, this Court dismissed the portion of the TAC's cause of action for interference with prospective economic advantage that was based on Allergan's trade secret misappropriation claims. (Dkt. No. 207 at 27-28.) The remainder of the TAC's cause of action for interference with prospective economic advantage is based on the advertisement of Xeomin. (*See* Dkt. No. 44-1 at ¶¶ 79-89.)

3. On November 29, 2011, Defendants and Counterclaimants Merz Pharmaceuticals, LLC and Merz Aesthetics, Inc. (collectively, "Merz") filed their Second Amended Counterclaim against Allergan asserting claims for: (1) false advertising in violation of 14 U.S.C. § 1125(a); (2) unfair business practices in violation of California Business & Professions Code § 17200; and (3) unfair competition in violation of North Carolina General Statute § 75-1.1(b). (Dkt. No. 98.)

4. For purposes of this Stipulation, the following claims shall be referred to as the "Advertising Claims": (a) the fifth cause of action asserted in Allergan's TAC, for violation of Lanham Act § 43(a); (b) the remaining portion of the fourth cause of action asserted in Allergan's TAC, for interference with prospective economic advantage based on the advertisement of Xeomin; and (c) all three causes of action asserted in Merz's Second Amended Counterclaim.

## STIPULATION

Merz and Allergan stipulate to dismiss the Advertising Claims without prejudice. This stipulation is made pursuant to Federal Rules of Civil Procedure

41(a)(1)(A)(ii) and 41(c).  The parties will each bear their own costs and attorneys' fees associated with this action.

**SO STIPULATED.**

Dated:     October  3, 2012     JONES DAY

By: /s/ *Richard Grabowski*
    Richard Grabowski

Attorneys for Defendants and Counterclaimants
MERZ PHARMACEUTICALS, LLC and MERZ AESTHETICS, INC.

Dated:     October  3, 2012     DANIEL M. PETROCELLI
BRETT J. WILLIAMSON
BRIAN NEACH
MOLLY J. MAGNUSON
O'MELVENY & MYERS LLP

By: /s/ *Brett J. Williamson*
    Brett J. Williamson

Attorneys for Plaintiff and Counterdefendant ALLERGAN, INC.